## Case No. 1,859.

### BRIDGE et al. v. EXCELSIOR MANUF'G CO.

[17 O. G. 259.]

Circuit Court, E. D. Missouri. March Term, 1879.[1]

PATENTS—COOKING STOVES—PATENTABILITY—NOVELTY.

1. The patent to Esek Bussey and C. A. McLeod, No. 180,001, July 18, 1876, for "improvement in cooking-stoves," construed in the light of the art, if sustainable at all, does not cover all methods of raising the shelf by means of closing the oven door, but only the particular method (means) described.

[1] [Affirmed by the supreme court in Bridge v. Excelsior Manuf'g Co., 105 U. S. 618.]

2. The cam being old, the use of a swinging door as a lever being old, and the shelf being old, it might be a question whether there was a sufficient degree of invention in bringing these old elements to bear on the hinged shelf to make it patentable.
[See note at end of case.]

In equity.

R. H. Parkinson, for complainants.
S. S. Boyd, for respondent.

DILLON, Circuit Judge. This is a bill in equity by the complainants, Bridge, Beach & Co., against the Excelsior Manufacturing Company, for an infringement of letters patent, No. 180,001, granted to Esek Bussey and C. A. McLeod on the 18th day of July, 1876, for an "improvement in cooking stoves." Complainants have been duly invested by Bussey, the patentee, with the interest of the patentee in the territory embraced in this district. The answer of the defendant denies the infringement charged upon it, and alleges the invalidity of the patent (the Bussey patent) by reason of certain prior patents and public use of the said invention prior to the invention of Bussey.

The claim in the complainants' patent is in these words: In combination with a stove oven, a hinged shelf fitted to fall outward and down automatically when the oven-door is opened, and to be raised up by closing the oven-door, adapted to operate upon it for that purpose, substantially in the manner and for the purposes herein set forth.

I shall dispose of this matter very briefly. The patent relates to this hanging shelf, (illustrating with Bussey's tin model,) which can be easily removed, and for a device, as we construe it, which enables it to be raised up by reason of a cam attached to the door operating as a swinging lever, applied underneath the hinged shelf, which raises it in that way—that is, by closing the oven-door; and, as it does not pass the center of gravity, it will fall down of its own weight when the door is opened. So it is said in the patent to "work automatically." The device of the defendant is shown in this model, (iron model, letters patent No. 205,754, July 9, 1878.) Both have the same hinged shelf to which the patent relates, but instead of operating below, as in the other patent, it operates in this manner from above, and is in all respects a superior device, as is very evident on an inspection of it.

Now the question in relation to the validity of the Bussey patent might be somewhat doubtful, if it was necessary, in the view which the court takes of the matter, to decide it. The state of the art at the time when the Bussey patent was granted, so far as relates to stove-ovens, without going into the state of the art in analogous devices, was this: Prior to this time a Mr. Paris had procured a patent (No 113,556, April 11, 1871) for a hinged shelf, in combination

with a stove-oven precisely like the one here in question, removable at pleasure and capable of being inserted at pleasure, the only difference being, so far as this patent is concerned, and the uses to which it is to be applied are concerned, that he did not provide any device for raising it up or letting it down by means of the opening and closing of the door. It was to be raised by the hand, if at all, so far as we can see from the patent. The Paris patent is older than the Bussey patent, and had everything, except, as I have stated, the device provided by the Bussey patent for raising the shelf. Now, what did Bussey do? He applied the cam on the door, using the door as a lever to raise it (illustrating) in that way. That is what he did. Now, the shelf was not new (the shelf, as an extension of the oven-plate, is a convenience, however,) the stove was not new, and the cam was not new. But Bussey seems to have been the first one to apply that method of raising and using the hinged shelf in combination with a stove oven. It is claimed that that patent is not valid because precisely the same principle had been used in analogous arts and industries—as, for example, a very common one. Here is an English patent, (Thomason, No. 2,282, December 22, 1798,) very much older than the complainant's patent, for raising the step of a carriage, which is done precisely in the same way. (Illustrating with model of carriage-step.) There is the cam on the door which operates on a projection of the step and raises and lets it down as the door shuts and opens. And the proof shows that, in regard to weather-strips on doors, precisely the same device has been used. (Carew patent, No. 94,472, September 7, 1869.) The cam being old, the using of a swinging door as a lever being old, and the shelf being old, it might be a question whether there was a sufficient degree of invention in bringing these old elements to bear on the hinged shelf to make it patentable.

But we decide the case on the ground that, if the patent can be sustained at all, it can be sustained only as a patent for a device, and only covers the particular device which the complainant described in his patent, in this language: In combination with a stove-oven, a hinged shelf (he does not claim the shelf alone) fitted to fall outward and down automatically when the oven-door is opened, and to be raised up by closing the oven-door, adapted to operate upon it for that purpose, substantially in the manner and for the purpose herein set forth. The manner is by applying the cam underneath the shelf. It does not pass the center of gravity, but rests on the edge of the plate of the stove, and will therefore fall down of itself.

Now this device is essentially an improvement on the one in the Bussey patent. It is raised from above and not below; and (illustrating) by means of a very peculiar hinge here the shelf is incapable of passing a given point, where it will fall down of itself as the door is opened.

Without passing on the validity of the Bussey patent, we hold that the defendant's device is not the same, but an improvement on that used by Bussey, and does not infringe it. We hold, also, that the Bussey patent does not cover all methods of raising the shelf by means of closing the oven-door, but only the particular method described, which, in our opinion, is not infringed by the method practiced by the defendant. Bill dismissed, with costs.

[NOTE. Affirmed by the supreme court on the ground that, the device of defendant being different, there was no infringement, Mr. Justice Bradley, in delivering the opinion, stating: "Both devices operate upon the same principle precisely as that which has been used for a long time in raising and lowering a carriage step by shutting and opening the door, and in other contrivances by which the same general effect is produced. Cam movements, and others of like character, producing simultaneous operations according to the needs of the case, such as opening valves in a steam engine as the piston ascends and descends, and a thousand other things, are in such common use that it requires but very little invention to adapt them to a particular case, like the one under consideration. We think, with the court below, that the patentee, if entitled to anything, is only entitled to the precise device which he has described and claimed in his patent; and, as the defendants use a different device, they are not guilty of infringement." Bridge, Beach & Co. v. Excelsior Manuf'g Co., 105 U. S. 618.

[Patent No. 180,001 was granted to Bussey and McLeod, July 18, 1876. See Bussey v. Excelsior Manuf'g Co., 1 Fed. 640.]